EDSON & CO., INC., Plaintiff, *v.* HUDSON MOTOR CAR COMPANY, and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 3, 1928.

Sales — action in conversion by assignee of seller against subsequent purchasers — automobile was sold under contract providing that on non-performance plaintiff's assignor might elect to consider entire balance unpaid and retake car — buyer did not default until after car had passed into hands of defendants — under original sale, title passed absolutely to purchaser — contract was not conditional sales agreement — original purchaser having title, defendants are not guilty of conversion.

Plaintiff's assignor sold an automobile under a contract which, while it did not reserve title in the seller, provided that on non-performance of the covenants, the plaintiff's assignor might elect to consider the entire balance unpaid and

retake the automobile.  Prior to any default by the purchaser of the automobile, it was transferred to one of the defendants who transferred to the other.  Under the agreement, title passed immediately to the original purchaser, for the instrument of sale, while called a conditional sales agreement, was not such in that it did not provide for reservation of title in the seller.

The original purchaser having absolute title had the right to transfer the automobile, and while it does not appear how one of the defendants who transferred to the other defendant came into possession thereof, their title was good as against every one except the original purchaser, for at the time the automobile was transferred by the original purchaser there had been no default in the payments under the contract of purchase.

A provision in the original contract that the purchaser could not assign or transfer the automobile, is void as contrary to the rule against perpetuities and unlawful suspension of alienation.

Under the circumstances, therefore, the plaintiff cannot recover in conversion. Furthermore, the plaintiff did not prove the value of the automobile at the time and place of the alleged conversion.

ACTION for conversion of motor car.

—————— ——————, for the plaintiff.

—————— ——————, for the defendant.

CHILVERS, J.  The plaintiff's assignor entered into an agreement with one Gunyan in February, 1924, by which Gunyan purchased from it a certain Ford car, and agreed to make certain payments and do other specific acts mentioned in the agreement, which agreement further provided that on the nonperformance of these covenants the plaintiff's assignor might elect to consider the entire balance unpaid and also retake the car.  In June, 1924, one Bergeson sold the car to the Hudson Motor Car Company, and some time before August, 1924, the latter sold the car to someone else.  Prior to August there had been no default in the payment of any installment of the purchase price required under that agreement.

The action is against Bergeson and the Hudson Motor Car Company in conversion.  Under the agreement, which was for the sale of a specific chattel, title passed immediately to Gunyan. Although the document was called a conditional sales agreement, it did not provide for reservation of title in the seller, so that it was misnamed.  Gunyan had title outright; plaintiff's assignor had the right to accelerate the payment of the balance and retake the chattel in event of breach of condition.

Title being in Gunyan, it was passed on to Hudson Motor Car Company by the defendant Bergeson in June, 1924.  It does not appear how Bergeson got title.  However, from these facts the title of the Hudson Motor Car Company was good as against every one but Gunyan, who had the title at that time.  Plaintiff's assignor and plaintiff cannot complain  unless there was a legal injury to its property or possessory rights at that time.

The transaction between plaintiff's assignor and Gunyan was at most an outright sale to Gunyan, with the giving back of a purchase-money chattel mortgage. This was the nature, although not the substance, of the transaction. Even a chattel mortgagee has no legal title in the chattel until after default, under the rule in this State. The plaintiff says, however, that there had been default by reason of the sale out of Gunyan and the provision in the agreement as follows: " (4) No right or interest of the buyer in, to or under this contract, or in the vehicle, shall be assignable or transferable by him,"— which was made a condition giving the seller the right under the ninth and tenth provisions of the agreement to accelerate the balance and retake the chattel. This condition, however, cannot be enforced. Title had passed to the buyer. Here was a restraint on his power of alienation. The agreement did not even provide how long this restraint was to continue. There is no provision, for example, that he was not to assign or sell until the full payment of the purchase price. Such a condition is violative of the statute against the restraint of the power of alienation and also the common-law rule of perpetuities.

This condition being ineffective, and there being no other evidence of a default prior to the purchase and sale by the defendants, the plaintiff cannot recover. I should also point out that the plaintiff has not proved in this action in conversion the value of the chattel at the time and place of the alleged conversion.

Judgment, therefore, for the defendants.